The HON. ROBERT J. BOYD,
sitting for Mr. Justice Castles,
(dissenting):
While I concur with much that has been said by the majority of the Court in affirming the conviction of the defendant, I must respectfully dissent from the majority in sustaining the lower court in the matter of the admission into evidence of plaintiff’s exhibits numbered 6 through 11 which was specification of error number 4 in the appellant’s brief.
Plaintiff’s exhibit number 6 was a colored photograph of the victim’s body taken at the place of discovery. Plaintiff’s exhibit number 7 was a colored enlarged close-up of the victim’s face. Plaintiff’s exhibit number 8 was a black and white autopsy photo of the victim’s face. Plaintiff’s exhibit number 9 was an eight by ten autopsy photo of the victim’s face showing the head partially shaved with gaping wounds.
Exhibit number 10 was a black and white autopsy photograph showing the shaved skull and gaping wounds. Plaintiff’s exhibit number 11 was a black and white autopsy photo showing the bloody face of the victim with brain tissue protruding from the wound.
At the outset it is noted that there was no issue for the jury as to the fact of death or the identity of the victim for this had been stipulated by and between counsel. The majority recog *321 nizes the requirements laid down in Fulton v. Chouteau County Farmers’ Co., 98 Mont. 48, 37 P.2d 1025, and State v. Bischert, 131 Mont. 152, 308 P.2d 969, of “relevance” and “necessity”, but then completely ignores the testimony of Dr. John Pfaff that he could render his opinion without reference to the photographs.
The photographs were admittedly gruesome and the court was therefore placed into the unenviable position of weighing the probative value of the offered photographs with the affect that the photos were bound to have on the jury. This is particularly so of exhibits 9 and 10 which were taken during the autopsy by Dr. John Pfaff and after the head of the victim had been shaved. These were admitted even though Dr. Pfaff had testified:
“Q. (By Mr. Reagan) Dr. Pfaff, you did conduct this autopsy? A. Yes Sir.
“Q. And you are here prepared to testify in this Court to this jury as to the results of your autopsy? A. Yes.
“Q. And you are prepared to render certain opinions based upon your expertise, and your autopsy, as to the injuries suffered and the cause of death? A. I am.
“Q. And is it possible for you to so testify and render those opinions in this court today without these photographs? A. It is possible for me to, yes sir.
“Q. And you would be able to do so? A. To the best of my ability.
“Q. And you would, without the photographs, be able to testify and render an opinion as to the type and scope of the injuries and to the probable cause of death? A. I can testify to the best of my ability in answer to the questions that are put to me.
“Q. The point I am trying to make, you have observed the wounds? A. Yes sir.
“Q. And based upon your observation of those wounds and other tests conducted by you, you are prepared to render an opinion as to the cause of death? A. I am.
*322 “Q. And to do that, you could do that without the use of these photographs? A. I could do that without these photographs.
“MR. REAGAN: Objection to these photographs, not only based upon all of the objections he listed in P6, but further grounds these particular photographs are gruesome and not necessary for the purpose of eliciting the testimony from this particular witness.
“THE COURT: Overruled; he may answer. The exhibit may be admitted.”
It is apparent from the holding of this Court in Bischert that if the pictures of a homicide victim made subsequent to death' are gruesome or ghastly and carry danger of prejudice, they are inadmissible unless they are relevant to some material issue and would reasonably assist the jury in the determination of the defendant’s guilt, and this relevancy must outweigh the danger that the jury would substitute emotion for reason for a basis of its verdict.
In the case at bar, there was no reason for the introduction of the photos, there was no issue or controversy as to the cause of death. Additionally, the photographs taken during the autopsy reveal matters such as the shaved head of the victim which were not the handiwork of the defendant, and could under the circumstances serve no other purpose than to arouse the emotions and passions of the jury.
As stated in Bischert, 131 Mont. 152, 160, 308 P.2d 969, 973:
“Here, where the pathologist was fully able to explain his findings without the use of the photographs, their purpose could only arouse the human feelings of the jury without aiding them in further understanding of the crime charged.”
I would hold that the trial court abused its discretion in the admission of these photographs and by reason thereof prejudice resulted and a reversal should be had.